OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
As partial payment for Chrysler’s sale to it of the assets of Chrysler’s former Airtemp Division, appellant Fedders transferred all of its Series B preferred stock to Chrysler. Fedders’s certificate of incorporation requires that it pay *955 dividends on its Series B stock ratably with any dividends paid to Series A preferred shareholders. Because Fedders has paid dividends on the Series A shares since the sale, it has incurred an obligation to pay Chrysler dividends on the Series B shares.
Fedders’s various counterclaims and affirmative defenses, essentially alleging that Chrysler overstated the value of the Airtemp assets, do not provide a basis for eliminating Fedders’s duty to pay the Series B dividends. The contract between the parties contained terms contemplating possible misstatements of the true value of the assets and contained extensive provisions for remedies. If the assets’ value is found to have been overstated, Fedders’s remedy is one for damages under the contract and not an avoidance of the independent obligation to pay dividends on the Series B shares.
Finally, the courts below did not abuse their discretion in refusing to grant a stay of enforcement of the summary judgment for Chrysler on the dividend issue.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Waghtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.